UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROBERT HARDEN, Plaintiff,

v. Civil Action No. 3:15-cv-P312-DJH

AMBER RENE STOKER *et al.*, Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Robert Harden filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. A review of the complaint reveals that this Court lacks subject-matter jurisdiction. Therefore, the Court will dismiss the action.

**I.**

Plaintiff is an inmate at the Tecumseh State Correctional Institute in Tecumseh, Nebraska. As Defendants, he names the following: Amber Rene Stoker, the mother of his minor child; the State of Kentucky; Sara Wilson, whom he identifies as a social worker with the Kentucky Cabinet for Health and Family Services; "unnamed State of Kentucky employees who run the Home of the Innocents"; Judge Patricia Walker-Fitzgerald; Chandra Gault, whom he identifies as the guardian ad litem for his minor child; Rose Benkert, whom he identifies as the attorney for Stoker; and "unnamed persons."

Plaintiff states that the complaint is "brought about by a direct and deliberate violation of the Plaintiff's Constitutional Rights by person or persons employed by the State of Kentucky under the Color of Law and the Color of Office." He states that Defendants are "Illegally Attempting to take away my rights as a Father due to my unlawful incarceration and denying me my Due Process of Law." He contends that Defendants have denied him his constitutionally

protected right of a parent-child relationship with his daughter without due process of law. He further states, "In August 2014, the State of Kentucky, along with their employees, entered into a malicious intent and conspiracy to take away my Parental Rights, solely based on my illegal incarceration due to Amber's deception and greed by working with the Nebraska Law Enforcement to make Blood money." He further states as follows:

> Amber, in late 2005 and early 2006, has violated my Constitutionally Protected Right of Parent-Child relationship with H.M.H. since she was born and has enlisted the help of multiple parties to aid her in this venture due to her intense jealousy and anger over me paying more attention to our daughter, H.M.H., more than her, Amber Rene Stoker.

As relief, Plaintiff seeks the following:

> to enforce my Constitutionally Protected Right of Parent-Child Relationship, to bond with and be in my daughters life, to hold all Defendant legally responsible, to issue a restraining Order Against Defendants to keep them from interfering with my Right and to let me bond with my daughter, H.M.H. And to put the Defendants in Prison for a period of no more than 6 months, no less than 6 months.

## II.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen*, 511 U.S. at 377.

### III.

Plaintiff's claims must be dismissed because this Court lacks subject-matter jurisdiction over this case. Plaintiff requests the Court to "enforce my Constitutionally Protected Right of Parent-Child Relationship" and "to issue a restraining Order Against Defendants to keep them from interfering with my Right and to let me bond with my daughter[.]" He also asks the Court "to put the Defendants in Prison for a period of no more than 6 months, no less than 6 months." While couching his complaint as alleging violations of his constitutional rights, Plaintiff is actually challenging the state family court's child custody proceeding. *See Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003). However, federal courts do not have jurisdiction to resolve domestic relations matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Catz v. Chalker*, 142 F.3d 279, 290 (6th Cir. 1998); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995).

The Sixth Circuit discussed the domestic relations exception in two recent cases, *Alexander v. Rosen*, No. 15-1265, __ F.3d __, 2015 U.S. App. LEXIS 18889 (6th Cir. Oct. 30, 2015) and *Chevalier v. Estate of Kimberly Barnhart*, No. 14-3146, __ F.3d __, 2015 U.S. App. LEXIS 17232 (6th Cir. Oct. 1, 2015). The Sixth Circuit clarified that the domestic relations exception applies only to a "narrow range" of cases, *Chevalier*, 2015 U.S. App. LEXIS 17232, at *11, and it "does not apply unless 'a plaintiff positively sues in federal court for divorce, alimony, or child custody[.]'" *Id.* at *12 (quoting *Catz*, 142 F.3d at 292). "When analyzing the applicability of the domestic-relations exception, we must focus on the remedy that the plaintiff seeks: Does the plaintiff seek an issuance or modification or enforcement of a divorce, alimony, or child-custody decree?" *Id.* at 17.

In *Alexander*, the plaintiff claimed that a federal judge, a Michigan family court judge, and several state administrative employees conspired against him in imposing a child support award against him. The Sixth Circuit held that the domestic relations exception did not apply to the claims "because [the plaintiff] does not request that we issue a 'divorce, alimony, or child custody' decree or that we 'modify or interpret an existing' decree." Further, the Sixth Circuit found:

> [The plaintiff] instead requests that we apply federal law to determine whether the officials overseeing his child support case conspired against him—an inquiry that does not require us to apply Michigan child custody law, question the state's calculation of child support payments, or otherwise address the merits of the underlying dispute. We may thus resolve [the plaintiff's] claims without entangling ourselves in difficult questions of state family law, which is what the domestic relations exception was designed to prevent.

*Alexander*, 2015 U.S. App. LEXIS 18889, at *3-4 (citing *Ankenbrandt*, 504 U.S. at 703-04).

Turning to the relief sought by Plaintiff in the instant case, he requests this Court to "enforce my Constitutionally Protected Right of Parent-Child Relationship" and "to issue a

4

restraining Order Against Defendants to keep them from interfering with my Right and to let me bond with my daughter[.]" To award such injunctive relief would require this Court to apply Kentucky child custody law, question the state family court's custody determinations, and address the merits of Plaintiff's dispute with the child's mother. These considerations are what the domestic relations exception was designed to prevent. The Court therefore concludes that the domestic relations exception applies to this case, and the case must therefore be dismissed.

Furthermore, while it is unclear in the complaint whether the state-court custody proceeding is still pending or whether a custody decree has been entered, this Court may not make a determination of Plaintiff's custody status in either event. To the extent that Plaintiff seeks this Court's involvement in any on-going child custody proceeding, the doctrine of abstention pursuant to *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008). *See Younger v. Harris*, 401 U.S. 37 (1971). Here Plaintiff seeks injunctive relief. The Sixth Circuit has enunciated three factors used to determine whether to abstain from hearing a case pursuant to *Younger*: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill*, 511 F.3d at 643. Assuming that there is an on-going judicial proceeding, the Sixth Circuit has recognized that the realm of domestic relations is an important state interest. *Kelm*, 44 F.3d at 420 ("These traditional domestic relations issues qualify as important state issues under the second element of *Younger*."). Further, Plaintiff has an adequate opportunity in the state proceeding to raise any constitutional challenges, as nothing bars him

from appealing a family court order or judgment to the Kentucky Court of Appeals. Therefore, abstention is proper in this case.

To the extent that a custody decree has been entered by the state family court, under the *Rooker-Feldman* doctrine, a federal district court may not hear an appeal of a case already litigated in state court. "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)). Therefore, to the extent that Plaintiff is challenging the state court's decision regarding the custody of his child, the *Rooker-Feldman* doctrine bars such a claim.

Finally, as to Plaintiff's request that the Court "put the Defendants in Prison for a period of no more than 6 months, no less than 6 months[,]" "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). This Court does not have the power to direct that criminal charges be filed against Defendants. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). Nor can the Court order that Defendants be put in prison in this civil matter.

Accordingly, this action must be dismissed for lack of subject-matter jurisdiction. The Court will enter a separate Order dismissing the action.

Date:


cc: Plaintiff, *pro se*
    Defendants
4415.010

6